NELSON G. BINGHAM and BEVA L. BINGHAM, his wife, Plaintiffs and Respondents, v L. C. STEVENSON et al., Defendants and Appellants.

A A OIL CORPORATION, a corporation, Third-Party Plaintiff, v. TOM P. GRANNELL, Third-Party Defendant.

No. 11009.
Submitted September 8, 1966. Decided October 19, 1966.
Rehearing denied December 20, 1966.
420 P.2d 839.

Church, Harris, Johnson & Williams, Douglas C. Allen (argued), Carter Williams (argued), Great Falls, for appellants.

Frisbee & Moore, Selden S. Frisbee (argued), Cut Bank, Aronow & DeGrandpre, Cedor B. Aronow (argued), Shelby, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from the District Court of Liberty County. The action began on May 18, 1955, as one to quiet title to real property and to cancel an oil and gas lease. On January 25, 1965, a judgment was entered which held that the oil and gas lease in question was no longer of any force or effect and was terminated and that such oil and gas lease was cancelled and removed as a cloud on plaintiffs-respondents' title to the land. This appeal followed.

The plaintiffs-respondents are Nelson G. Bingham and Beva L. Bingham, husband and wife, and are the lessors of the oil and gas lease. The plaintiffs-respondents will be referred to by name.

The appellant in this Court is A A Oil Corporation, the assignee of the original lessee, E. O. Stevenson. The appellant will be referred to as A A Oil.

L. C. Stevenson was the husband of E. O. Stevenson and the president of A A Oil prior to his death on June 27, 1964. L. C. Stevenson conducted the negotiations which resulted in the lease of the Binghams' property.

The fact that E. O. Stevenson, the original lessee, assigned the lease to A A Oil is not relevant in the consideration of the main question to be decided in this appeal.

The lease in question will be referred to interchaneably as the Stevenson lease or the A A Oil lease.

This action was tried by the district court without a jury on August 5, 1964. The district court entered its Amended Findings of Fact and Conclusion of Law and Amended Judgment on January 25, 1965. The appellant lists eight specifications of error and resolves them into four questions, but in our view the main question in this appeal is this.

Whether the actions of the Binghams amounted to a repudiation of the oil and gas lease thereby extending the lease beyond the ten year term.

A summary of the relevant facts follows:

The oil and gas lease was executed and delivered on August 15, 1944. The lease covered 640 acres. Nelson G. and Beva L. Bingham and E. O. Stevenson signed the lease agreement. Achsa M. Bingham, the mother of Nelson G. Bingham and the owner of an undivided one-half interest in 320 acres of the lease, did not sign it. Later Achsa M. Bingham deeded her interest in the property to her son. There is no issue on this matter.

One hundred sixty dollars in cash was paid at the time of

the execution of the lease. This sum paid the rental of advance royalty payment for the first lease year. No rental was paid during the second lease year. Mr. Bingham testified that no notice or request for the payment was made, although the lease agreement contained a provision requiring the lessor to give lessee notice of any breach and giving lessee thirty days from the notice to remedy any existing breach.

After the beginning of the third lease year, a check in the amount of $240.00, dated September 16, 1946, was delivered to Mr. Bingham. This check was for the rental or advance royalty payment for the second lease year in the amount of $160.00 plus $80.00 for the first half of the third lease year. This $240.00 check was returned by Mr. Bingham in a letter dated November 8, 1946, with the words, "I am returning your check as I do not care to lease again."

Meanwhile on October 18, 1946, an oil and gas lease was executed and delivered by Nelson G. and Beva L. Bingham and by Achsa M. Bingham to Montana-Dakota Utilities Co. (MDU). This lease provided for a fixed term of five years and a rental of $320.00 a year, which was twice the amount involved in the lease given to Mrs. Stevenson. Binghams accepted the rent from MDU for the five years of that lease. The MDU lease covered the same 640 acres.

The Stevenson lease provided for semi-annual rental payments. In the third lease year, the second half payment would have been due on February 16, 1947. On February 4, 1947, this payment in the sum of $80.00 was tendered to Mr. Bingham in a letter from E. J. McCabe, attorney for Mrs. Stevenson. The letter also contained the September 16, 1946, check for $240.00. Mr. Bingham took the letter and the checks to an attorney, Louis P. Donovan. On June 6, 1947, Mr. Donovan, acting for Mr. Bingham, wrote a letter to Mrs. Stevenson enclosing the $240.00 check, the $80.00 check, and an additional check from Mr. Bingham in the amount of $160.00 payable to E. O. Stevenson and dated May 29, 1947. In this letter Mr.

Donovan explained Mr. Bingham's reasons for returning the money in this manner:

"I am, therefore, transmitting the same checks to you by authority of Mr. Nelson G. Bingham, who returns same for the reason that the terms of the alleged lease were never agreed upon and the alleged lease was never signed by Achsa M. Bingham, and the alleged lease was never executed, acknowledged or delivered by Nelson G. Bingham, or his wife, and a lease covering the same property has been granted to Montana-Dakota Utilities Co. and recorded."

The next paragraph of the letter then made a demand for release of the lease.

On September 8, 1947, Mrs. Stevenson wrote Mr. Donovan a letter explaining her position on the lease in these words: "I may state, however, that I claim the oil and gas lease executed as a valid oil and gas lease, notwithstanding one of the parties named did not sign same." On May 14, 1948, Mrs. Stevenson wrote individual letters to Nelson G. Bingham, Beva L. Bingham, and Achsa M. Bingham expressing her desire to pay rental due, her belief that the lease was still in "full force and effect between us", and asking where the rental payments should be sent. These letters were never answered, and no further rentals were tendered until July, 1954.

A letter dated July 26, 1954, and received by Nelson Bingham on August 3, 1954, was written by L. C. Stevenson as president of A A Oil. The letter enclosed a check for $1,760.00 which amount was to pay rentals from August 15, 1944, to August 15, 1954, and from August 15, 1954 to August 15, 1955.

Nelson Bingham kept the check until December 1, 1954 when it was cashed. On December 20, 1954, he wrote a letter to A A Oil enclosing his check for $320.00 which he stated he was "refunding to you, as it is an overpayment on the specified oil and gas lease which expired August 15, 1954, of its own terms."

At the trial, Mr. Bingham testified that after November 8, 1946, up until December 1, 1954, he was not willing to accept rentals from the Stevensons or A A Oil. He further testified that he invited drilling.

Mr. Bingham further testified that from 1946 during the five years of the MDU lease he was willing to accept payments from MDU but not payments from A A Oil and that he was willing to accept drilling from A A Oil but not MDU.

■ We briefly summarize the Binghams' actions. They attempted to return the original consideration; refused to accept rentals; denied that the lease had been executed, delivered and acknowledged; demanded that it be released of record; and gave another lease covering the same land to a third party and collected rentals thereon during the term thereof. Finally, in an action completely inconsistent with their position for nearly eight years, they accepted rental payments covering the ten year lease period.

These facts show that the Binghams had repudiated the oil and gas lease with Mrs. Stevenson.

■ ■ Before there can be a repudiation, there must be a valid and existing lease. The Binghams' acceptance of the rental money in December, 1954, was an admission of the validity of the lease; and as we understand the Binghams' position they do not now deny the validity of the lease.

■ Appellant takes the position that the term of the lease was extended for a period of time equal to the number of years it was repudiated by Bingham. In support of this position, appellant refers this Court to Braun v. Mon-O-Co. Oil Corp., 133 Mont. 101, 114, 320 P.2d 366, 373, in which we held "that the plaintiff wrongfully repudiated the lease 70 days before its expiration and that the defendant lessee is entitled to 70 days from the date of entry of judgment, in conformity with this opinion, in the court below in which to conduct drilling operations under the terms of the lease."

■ Respondents contend that A A Oil must have been

ready, willing and able to drill before it can come under the rule in the Braun case, supra. We do not agree with this contention. By the terms of the lease, "the Lessor * * * granted * * * six hundred forty (640) acres * * * to have and to hold unto the said Lessee * * * for the term of ten years, and as long thereafter as royalties are paid from the sale of production of oil or natural gas equal to not less than twelve and one half cents per acre during each successive semi-annual period, or such minimum amount is paid in cash by Lessee to Lessor, as advance royalties for each six months periods * * *." The lease does not require drilling. As stated in Fey v. A A Oil Corp., 129 Mont. 300, 319, 285 P.2d 578, 588, "One who prevents the performance of the terms of the contract cannot avail himself of the non-performance which he himself prevents." Once Binghams refused the rental and repudiated the lease, they could not then require the lessee to hold itself ready, willing and able to drill a well—an act which their own repudiation prevented.

We hold that a valid oil and gas lease existed between the Binghams and E. O. Stevenson, assigned to A A Oil; that the Binghams repudiated the lease by their various actions, beginning with the letter of November 8, 1946, and that A A Oil is entitled to have the lease extended for a period of 7 years and 9 months from date of judgment.

The district court erred in not finding the repudiation of the lease by the Binghams with the resultant extension of the term of the lease.

The judgment is reversed with directions to the district court to make and enter findings, conclusions and judgment in accordance with the views herein expressed.

MR. JUSTICES ADAIR, JOHN C. HARRISON and CASTLES, and DISTRICT JUDGE L. C. GULBRANDSON, sitting for MR. JUSTICE DOYLE, concur.